

FILED

JUL 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUGUSTINE PENA, III, Debtor, | No. 13-16986 |
| Appellant, | D.C. No. 1:12-cv-01233-AWI |
| v. | |
| TRUDI MANFREDO, Chapter 7 Trustee, | MEMORANDUM[*] |
| Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted June 12, 2014
San Francisco, California

Before: O'SCANNLAIN, SACK,[**] and BEA, Circuit Judges.

After filing a voluntary petition for Chapter 11 bankruptcy protection,

Augustine Pena spent about $16,000 of cash collateral due, he claims, to his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

attorney's ineffective assistance. Given an opportunity to account for the monies spent and to submit amended budgets, Pena missed court deadlines and failed to consult with his creditors to resolve the problem. As a result, the bankruptcy court converted his case to one under Chapter 7, finding that Pena had given it cause under 11 U.S.C. § 1112(b), and appointed interim Chapter 7 Trustee Trudi Manfredo. The bankruptcy court also denied Pena's subsequent motion for reconsideration, and the district court affirmed the conversion order. On appeal, Pena argues that (1) there was no cause to convert his case, either because he did not use cash collateral or because any such use was not substantially harmful to any creditor; (2) unusual circumstances existed preventing the bankruptcy court from converting the case; and (3) the bankruptcy court failed to follow the public policy favoring reorganization over liquidation.

Pena admitted at oral argument that the $16,000 he spent constituted cash collateral. In light of this acknowledged unauthorized use of cash collateral, as well as Pena's failure timely to produce appropriate budgets, we cannot find clearly erroneous the bankruptcy court's determination that at least one creditor was substantially harmed. *Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1039 (9th Cir. 2013); 11 U.S.C. § 1112(b)(4)(D).

2

We also decline Pena's invitation to rule that an attorney's ineffective legal advice constitutes the kind of "unusual circumstance" forbidding a bankruptcy court from converting a case under Chapter 11 to one under Chapter 7. *See* 11 U.S.C. § 1112(b)(2).

Finally, we reject Pena's argument that, in converting his case, the bankruptcy court flouted the public policy favoring reorganization over liquidation. Instead, the bankruptcy court simply followed Congress's explicit instruction to convert a Chapter 11 case for cause where the unauthorized use of cash collateral substantially harms one or more creditors. 11 U.S.C. § 1112(b)(4)(D).

For all of these reasons, we cannot conclude that the bankruptcy court abused its discretion by converting Pena's Chapter 11 case to one under Chapter 7.

**AFFIRMED.**